# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Matthew McDermott,<br><br>    Plaintiff,<br><br> v.<br><br>PatientPop, Inc. and Madison Avenue Cardiology LLC,<br><br>    Defendants. | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Matthew McDermott ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendants Patientpop, Inc. (*"PatientPop"*) and Madison Avenue Cardiology LLC (*"Cardio"*) (collectively PatientPop and Cardio are referred to as "*Defendants*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant Cardio. owns a website known as www.cardiologistnyc.com (the "*Website*").

4. Defendant Cardio authorized defendant PaientPop to operate the Website.

5. Upon information and belief, PatientPop curates the information and material on the Website for Cardio at its direction.

6. Defendants, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Matthew McDermott is an individual who is a citizen of the State of

New York and maintains a principal place of residence in Queens County, New York.

8. Upon information and belief, Defendants PatientPop, Inc. is a Delaware corporation with a principal place of business at 214 Wilshire Boulevard, Santa Monica in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

9. Upon information and belief, Defendants Madison Avenue Cardiology LLC is a New York limited liability company with a principal place of business at 635 Madison Ave Suite 1401, New York in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Cardio because it maintains its principal place of business in New York.

12. This Court has specific personal jurisdiction over PatientPop under the applicable long-arm jurisdictional statute of New York because while PatientPop maintains its principal place of business in California, it has engaged Cardio to operate and maintain its Website and, pursuant to that engagement conducted business in New York related to the Website.

13. Venue is proper under 28 U.S.C. §1391(a)(2) Cardio does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

14. Plaintiff is a professional photographer by trade who is the legal and rightful owner of the photographs which Plaintiff licenses to online and print publications.

15. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

16. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

17. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

18. Upon information and belief, Cardio is the registered owner of the Website and is responsible for its content.

19. Upon information and belief, PatientPop is the operator of the Website for its client Cardio and is responsible for its content.

20. The Website is a part of a popular and lucrative commercial enterprise.

21. The Website is monetized in that it advertises Cardio's medical services to the public and, upon information and belief, Defendants profits from these activities.

22. On January 15, 2021 Plaintiff authored a photograph of a COVID vaccination site with a COVID vaccine administer (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

23. Plaintiff applied to the USCO to register the Photograph on or about March 23, 2021 under Application No. 1-10293504744.

24. The Photograph was registered by the USCO on March 23, 2021 under Registration No. VA 2-248-202.

25. On March 10, 2022, Plaintiff first observed the Photograph on the Website. A copy of the screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

26. The Photograph was displayed at URL:
https://www.cardiologistnyc.com/blog/tips-for-getting-to-a-covid-19-vaccine-in-nyc.

27. The Photograph was stored at URL:
https://sa1s3optim.patientpop.com/assets/images/provider/photos/2360227.jpg.

28. Without permission or authorization from Plaintiff, Defendants' volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Photograph as is set

forth in Exhibit "1" on the Website.

29. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

30. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

31. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendants on the Website.

32. Upon information and belief, Defendants' takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

33. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

34. Upon information and belief, Defendants is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

35. Upon information and belief, the Infringement was not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

36. Upon information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendants'.

37. Upon information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

38. Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

39. Upon information and belief, Defendants' monitor the content on its Website.

40. Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringement.

41. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendants to realize an increase in their revenues.

42. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

43. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

44. Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

45. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

46. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

47. The Photograph is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

48. Plaintiff has not licensed Defendants' the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

49. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants' improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

50. Defendants' reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

51. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article on the Website.

52. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendants for the infringement pursuant to 17 U.S.C. § 504(c).

53. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

54. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendants infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: September 19, 2022

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Boulevard, Suite 402,
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125108
*Attorneys for Plaintiff*